IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Cleveland "Skip" Sanders, #239871, ) | |
| ) | Civil Action No. 6:07-3811-TLW-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden, Manning Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

The record reveals that the petitioner is currently incarcerated in the Manning Correctional Institution of the South Carolina Department of Corrections pursuant to an order of commitment from the Clerk of Court of Richland County. The State Grand Jury indicted the petitioner in November 1994 for trafficking 100 pounds or more of marijuana. Attorney Lionel S. Lofton represented the petitioner on the charge. A jury trial was held on November 13-15, 1995, before the Honorable L. Casey Manning presided. The petitioner was tried in his absence and convicted as charged. The sentence was sealed pending the petitioner's return to the jurisdiction. On May 13, 1997, the petitioner appeared before the

court and was sentenced to 25 years imprisonment and fined $25,000 dollars. The petitioner filed a notice of appeal.

Trial counsel continued to represent the petitioner on appeal, and filed a final brief of appellant on June 24, 1999, in the South Carolina Court of Appeals, raising the following issue:

> I.    Did the trial court commit constitutional error in trying the defendant in absentia where the defendant was absent from the beginning of the trial?

The State filed its final brief on June 24, 1999. The South Carolina Court of Appeals affirmed the conviction by unpublished opinion filed May 11, 2000. The petitioner filed a petition for rehearing on May 17, 2000, which was denied on June 28, 2000. The petitioner filed a petition for writ of certiorari in the Supreme Court of South Carolina on July 20, 2000. The State made its return on September 18, 2000. The Supreme Court of South Carolina denied the petition on November 15, 2000. The South Carolina Court of Appeals issued the remittitur on November 16, 2000.

On June 4, 2001, the petitioner filed an application for post-conviction relief ("PCR"), in which he raised the single claim of ineffective assistance of trial and appeal counsel. The State made its return on January 29, 2002. Attorneys J. P. Strom, Jr., Mario A. Pacella, and Robert E. Hood, all of the Strom Law Firm, represented the petitioner in the action. On June 2, 2005, counsel filed a "Notice of issues to be Presented at Applicant's Evidentiary Hearing,"that reflected the following specific issues to be raised:

> (1)   <u>Brady</u> violation regarding additional side deals made by codefendant and State's key witness John David Allen not incorporated in his plea agreement. Such deals are critical impeachment evidence that should have been presented to the jury.
>
> (2)   Ineffective assistance of counsel in failing to enter into evidence the initial plea agreement and superseding plea agreement signed by John David Allen and the State.

> (3) Ineffective assistance of counsel in failing to cross-examine John David Allen regarding dismissal of charges not referenced in Allen's plea agreement.
>
> (4) Ineffective assistance of counsel in failing to request the Court recharge the jury regarding drug weights when the Court recharged the jury as to conspiracy following jury inquires of the Court.
>
> (5) Potential Brady violation as the State failed to produce all discoverable materials generated during the federal investigation prior to the United States Attorney declining to prosecute the case.
>
> (6) Ineffective assistance of counsel in failing to call Michael J. McEachern as a witness to impeach testimony of Tom Durnford.

An evidentiary hearing was held June 3, 2005, before the Honorable G. Thomas Cooper, Jr. Judge Cooper issued a written order of dismissal on March 30, 2006. The petitioner appealed the denial of relief.

PCR counsel continued to represent the petitioner on appeal and filed a petition for writ of certiorari on May 30, 2006 in the Supreme Court of South Carolina raising the following issues for consideration:

> (1) Did the lower court err in concluding that Petitioner was not prejudiced by the State's failure to disclose exculpatory evidence regarding additional side deals dismissing charges made by it and State's key witness John David Allen where the dismissal of these charges was not incorporated in his plea agreement?
>
> (2) Did the lower court err in concluding that Petitioner's trial attorney was not ineffective for failing to enter into evidence the initial plea agreement and superseding plea agreement signed by John David Allen and the State where the superseding plea agreement states that the first plea agreement was revoked for Allen's untruthfulness and the record establishes Petitioner's trial attorney did not cross-examine Allen regarding that untruthfulness?
>
> (3) Did the lower court err in concluding his trial attorney rendered effective assistance in failing to call Michael J.

3

> McEachern as a witness to impeach Tom Durnford where McEachern testified at the PCR hearing in a manner that directly contradicted Dunford's testimony?
>
> (4)   Did the lower court err in concluding his trial attorney rendered effective assistance in failing to request the trial court re-instruct the jury as to lesser-included offenses?

The State made a return to the petition on September 28, 2006. The State moved to amend its response on October 18, 2006, attaching a conditionally filed amended return. The motion was granted on November 1, 2006, and the amended return accepted. The Supreme Court of South Carolina denied the petition on August 9, 2007, and issued the remittitur on August 27, 2007.

In his *pro se* petition now before this court, the petitioner makes the following allegations (verbatim):

> Ground one:   The PCR Order applies an incorrect legal standard ruling that "a different outcome" replaced with "wouldn't have been found nonguilty."
>
> Ground two: Brady violations for State's intentional withholding requested impeachment evidence regarding their primary witness and federal discovery.
>
> Ground three:  Ineffective Assistance of Counsel for failing to perform the following:
>
>> (1)   Realize State witness plea agreement revoked due to lying;
>>
>> (2)   Enter State witness plea agreements into evidence at trial;
>>
>> (3)   Properly cross State witness regarding side deals not mentioned in plea;
>>
>> (4)   Calling known defense witness Mike McEachern to impeach state witness;
>>
>> (5)   Request recharge in response to jury's question concerning drug weights;

4

> Ground four: An ex parte communication occurred between the PCR Court and AG for 2nd Order as no copy sent to applicant.

On April 7, 2008, the petitioner filed a motion to compel discovery. The respondent filed opposition to the motion on April 25, 2008, and the petitioner filed a reply to the opposition on May 2, 2008. The motion to compel was denied on May 5, 2008.

Meanwhile, on April 28, 2008, the respondent filed a motion for summary judgment. By order filed April 29, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response to the motion on May 29, 2008, and the respondent filed a reply on June 9, 2008.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

5

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is de novo. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA de novo standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

## ANALYSIS

*Ground One*

In ground one, the petitioner contends that an incorrect standard was used by the PCR judge in evaluating his ineffective assistance of counsel claims. In his order denying the petitioner's application for post-conviction relief, the PCR judge addressed the allegation that trial counsel was ineffective for failing to cross examine State's witness John Allen regarding dismissal of charges not referenced in Allen's plea agreement. The court stated the following: "Although counsel would have been able to impeach Mr. Allen by

showing that he was facing more than 100 years and would serve only four years, this distinction does not rise to the level for which Applicant could show that there is a *reasonable probability that the jury would have found him not guilty*" (App. 558) (emphasis added).  In addressing whether trial counsel was ineffective for failing to object to alleged *Brady* violations, the PCR court stated as follows:

> Applicant alleges that had counsel known of the dismissal of other charges he could have pointed out to the jury that Mr. Allen was initially facing more than 100 years as opposed to 25 years.  This Court finds that this distinction does not rise to the level for which Applicant *could show that the jury would have found him not guilty*.

(App. 600) (emphasis added).

Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, the petitioner "must show that counsel's performance was deficient."  *Id.* at 687.  To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

The petitioner claims that the PCR court erred by stating the standard was whether he had shown a reasonable probability that the jury would have found him not guilty absent his trial counsel's errors, rather than stating "a reasonable probability that the result of the proceeding would have been different."  As argued by the respondent, in this case, there is no difference.  Though the petitioner argues he could have been convicted of a lesser offense (indeed, the jury was charged with lesser amounts as lesser offense, *see* App. 400), subsequent to the 1995 trial, the South Carolina Court of Appeals held that when a specific amount of cocaine is charged as the basis of the conspiracy, it is incorrect

7

to submit a lesser amount, or in essence, an uncharged conspiracy. *State v. Gosnell*, 535 S.E.2d 453, 459 (S.C. Ct. App. 2000). The indictment at issue here charged the parties conspired to traffic more than 100 pounds of marijuana (App. 1). Given the specific allegation, the petitioner is not entitled to charges on lesser amounts. Further, it is clear from the order of dismissal that the PCR judge identified and used the correct *Strickland* standard (*See* App. 555-56 (quoting legal standard); App. 557, "did not carry his burden to show a reasonable probability that the result at trial would have been different had trial counsel done what the applicant alleges he should or should not have done"; App. 558, "would not have created a probable differentiation in the outcome of the trial"; App. 559, "failed to prove that but for trial counsel's failure . . . there is a reasonable probability that the outcome of the trial would have been different"). Based upon the foregoing, this claim fails.

*Ground Two*

In ground two, the petitioner claims the State improperly withheld *Brady* evidence. In particular, he claims the State failed to disclose: (1) additional charges against co-conspirator John Allen *after* the petitioner's trial; (2) the reconsideration of Mr. Allen's sentence *after* the trial; (3) Mr. Allen's second plea agreement, the first being revoked for failure to comply with the terms of the first agreement; and (4) discovery on federal charges (habeas pet. p. 16).

"The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland,* 373 U.S. 83, 87 (1963). "A Brady violation has three essential elements: (1) the evidence must be favorable to the accused; (2) it must have been suppressed by the government, either willfully or inadvertently; and (3) the suppression must have been

8

material, i.e., it must have prejudiced the defense at trial." *Monroe v. Angelone*, 323 F.3d 286, 299-300 (4th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)).

At the PCR evidentiary hearing, Mr. Allen testified that he was a co-defendant of the petitioner in the State Grand Jury conspiracy case prosecuted by the South Carolina Attorney General's Office and that he had negotiated a plea in exchange for his testimony at trial against the petitioner. He testified that his first written plea agreement was revoked because he had breached its terms by being arrested and charged with another crime after signing the agreement. Mr. Allen testified that he signed a second plea agreement that revoked the first and set new terms and that he did eventually plead guilty pursuant to the second agreement. Neither of the plea agreements made mention of other drug charges being dismissed as part of the agreement. Mr. Allen further testified that after his guilty plea, at which he was sentenced to 20 years, he moved for reconsideration of the sentence and ultimately received a reduced sentence of 15 years as a result. He testified that he served 52 months before being released on parole (App. 553).

Though the issue was not addressed as a freestanding *Brady* claim, the PCR judge found that the petitioner's trial counsel was not ineffective in that counsel thoroughly cross examined Mr. Allen on the fact that the plea agreement reduced the true sentence time from an estimated 25 years to approximately four years (App. 560). As to the allegation that the State failed to disclose the reconsideration of Mr. Allen's sentence *after* the trial, the PCR judge found that trial counsel could not anticipate that future event and was not ineffective in failing to anticipate every possible event (App. 556-57). As to the allegation that trial counsel was ineffective for failing to introduce into evidence Mr. Allen's initial and superceding plea agreements, the PCR judge found counsel expressed sound tactical reasons for declining to admit them (App. 557-58). These findings, which are entitled to deference, well support a finding here that the referenced material regarding a deal on other charges, even if it had existed and was not a simply hoped-for occurrence by

9

Mr. Allen (*see* App. 482-88), could not be considered material under *Brady* as it did not prejudice the defense. The respondent further argues that nothing supports the existence of an actual agreed upon plea bargain not included in the information provided to the defense. Mr. Allen's testimony at the PCR hearing clearly shows his understanding, i.e. a hoped for result, but does not demonstrate any formal agreement (App. 482-88). Moreover, Mr. Allen's testimony reflects, as to his resentencing, that he had to obtain counsel and seek the reconsideration on his own, which is hardly indicative of a pre-existing agreement to reduce the sentence (App. 488-89). Trial counsel testified at the PCR hearing that he made a conscious decision not to enter Mr. Allen's plea agreements into evidence; therefore, the defense was clearly aware of the initial and superceding plea agreements at the time of the petitioner's trial. Moreover, counsel thoroughly cross-examined Mr. Allen, not only on the then existing plea agreement, but also on a myriad of other criminal charges, bad acts, and drug abuse (App. 286-308). Even if an error could be shown, there is nothing to show that such an error had "substantial and injurious effect or influence" in determining the jury's verdict such that would entitle the petitioner to relief in this action. *See Fry v. Pliler*, 127 S.Ct. 2321, 2328 (2007). Accordingly, the claim fails.

With regard to the claim that the State failed to disclose discovery generated during the federal investigation prior to the United States Attorney declining to prosecute the case, the PCR judge found that, assuming the matter was imputable to the State, the petitioner failed to show a *Brady* violation. The petitioner apparently contends that had his trial counsel known of the dismissal of other charges against Mr. Allen, he could have pointed out to the jury that Mr. Allen was initially facing more than 100 years as opposed to 25 years. The PCR court noted that trial counsel testified that he was able to show at trial that the cumulative amount of time Mr. Allen was facing was approximately four years. In actuality, Mr. Allen served 52 months. The PCR court found that such evidence was not material as the petitioner could not show that there was a reasonable probability that, had

10

the evidence been disclosed to the defense, the result of the petitioner's trial would have been different (App. 560).  *See United States v. Bagley*, 473 U.S. 667, 684 (1985).  This court agrees.   The petitioner has failed to show that the court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, the claim fails.

***Ground Three***

In ground three, the petitioner alleges his trial counsel rendered ineffective assistance at trial by failing to realize a breach of Mr. Allen's first plea agreement and using same against him; failing to enter Mr. Allen's superceding plea agreement into evidence; failing to properly cross examine Mr. Allen on "side deals" not mentioned in the plea agreement; failing to call known defense witness Mike McEachern to impeach a State's witness; and failing to request  recharge on drug weights when the court recharged the jury as to conspiracy.

Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, the petitioner "must show that counsel's performance was deficient."  *Id.* at 687.  To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.   Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

The petitioner's claims fail on the merits.  As to the claim based on failure to recognize a breach of Mr. Allen's first plea agreement, such a claim must necessarily fail

11

as counsel specifically cross-examined Mr. Allen at trial on the fact that he knowingly breached his agreement (App. 291-93).  As to the claim based on failure to impeach with evidence of "side deals," the petitioner has failed to show the existence of actual "side deals" at the time of the trial.  Thus, there could be no counsel error in regard to these allegations.

As to the issue regarding trial counsel's failure to enter Mr. Allen's superceding plea agreement into evidence, the PCR judge found that counsel expressed a sound strategic reason for not offering the plea agreement:  "Trial counsel testified that in his experience, juries sometimes focus on the redacted portions of the plea agreement in an attempt to figure out what has been redacted rather than concentrating on the proper portions of the plea agreement" (App. 558).  The record fully and fairly supports the judge's factual determination as it is based on counsel's testimony from the PCR hearing.  After testifying that he had cross examined Mr. Allen on the terms of the agreement (App. 496) and expressing that he "did a pretty good job" (App. 498), trial counsel testified that he sometimes submits the agreement and sometimes does not; it is purely "a judgment call" made at trial (App. 506-507).  *Strickland* acknowledges there are multiple, and effective, different ways to try a case; thus, informed strategic decision must be given deference. *Strickland*, 466 U.S. at 690 ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable").  The petitioner has shown neither an unreasonable application of law or an unreasonable determination of fact. Moreover, because the witness was questioned at trial about his breach of the plea agreement, any error that could be discerned would not be of the kind that had substantial and injurious effect or influence on the resulting conviction such that would entitled the petitioner to relief in this action.

As to the claim that counsel was ineffective for failing to call Mike McEachern to impeach Mr. Durnford in his claim that he contacted the petitioner only when he wished

to engage in drug deals, the record shows that the petitioner is not entitled to relief. The trial judge rejected the claim and, guided by the correct *Strickland* error and prejudice standard (App. 555-56), determined that the evidence was simply of "minimal value" as Mr. McEachern would simply testify that "he had been involved in conversations with Tom Durnford and [the petitioner] in which drugs were not discussed" (App. 560; *see also* App. 515-16). This is not inconsistent with the secretive nature of the drug trade and does not specifically contradict the testimony of Mr. Durnford that he would contact the petitioner only to discuss drug deals. Again, the petitioner has shown neither unreasonable application of law nor an unreasonable determination of fact by the state court.

Lastly, the petitioner alleges ineffective assistance in trial counsel's failure to request the trial court to recharge the jury regarding drug weights when the court recharged the jury as to conspiracy following jury inquiries to the court. The PCR judge denied relief, noting that state law dictates that jury instructions must be considered in their entirety (App. 559). Here, the jury was charged on the weight of drugs in the initial charge. The PCR court found:

> It is not likely that the jury disregarded the initial jury charge when they were recharged following their question to Judge Manning. Therefore, [the petitioner] has failed to prove that but for trial counsel's failure to ask Judge Manning to recharge the jury on drug weights, there is a reasonable probability that the outcome of the trial would have been different.

(App. 559). The PCR judge, guided by the proper *Strickland* error and prejudice test, reasonably rejected the claim based on facts well and fully supported by the record. Thus, the petitioner is not entitled to any relief on this claim.

### Ground Four

In ground four, the petitioner complains that "[a]n ex parte communication occurred between the PCR Court and AG for 2nd Order as no copy sent to applicant"

(habeas pet. p. 11). The petitioner fails to state a claim upon which relief may be granted. Alleged infirmities in a state post-conviction action are not matters that may be addressed in federal habeas actions. *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988). Accordingly, this claim fails.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the respondent's motion for summary judgment (doc. 16) be granted and the habeas petition be dismissed.

s/William M. Catoe
United States Magistrate Judge

November 13, 2008

Greenville, South Carolina